## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

TIMOTHY MENICHINI and BARBARA MENICHINI,

        Plaintiffs,

    v.

FREEHOLD CARTAGE, INC., et al.,

        Defendants.

CIVIL ACTION NO. 3:22-CV-01532

(MEHALCHICK, J.)

### <u>MEMORANDUM</u>

This is a personal injury action initiated upon the filing of a complaint by Plaintiffs Timothy Menichini ("Mr. Menichini") through his legal guardian Barbara Menichini, and Barbra Menichini individually (collectively, "Plaintiffs") on August 31, 2022, in the Court of Common Pleas of Lackawanna County against Defendants Freehold Cartage Inc. ("Freehold"), Sweetwater Enterprises, Inc. ("Sweetwater") (collectively, "Possessor Defendants"), and John Stilloe Roofing ("Contractor Defendant") (collectively, Defendants"). (Doc. 1, at 2; Doc. 1-2). On September 30, 2022, Freehold and Sweetwater removed this action to this Court. (Doc. 1). Possessor Defendants filed an answer to the original complaint with affirmative defenses and a cross-claim against Contractor Defendant on October 7, 2022. (Doc. 4). Contractor Defendant filed an answer to the original complaint and a cross-claim against Possessor Defendants on December 6, 2022. (Doc. 16). On December 13, 2022, Possessor Defendants filed a reply to Contractor Defendant's answer and cross-claim. (Doc. 17). On May 12, 2023, Plaintiffs filed an emergency motion to amend/correct their complaint, desiring to correct Contract Defendant's name and "add additional allegations, including claims for reckless conduct and punitive damages against

Defendants." (Doc. 26, ¶ 7). On May 19, 2023, Plaintiffs' emergency motion to amend the complaint was granted, "without prejudice to Defendants to raise defenses to the claims made in the amended complaint." (Doc. 30).Plaintiffs filed an amended complaint on May 22, 2023, alleging Mr. Menichini suffered serious and permanent injuries after falling through a skylight (Doc. 31, ¶¶ 31-33, 43). Plaintiffs attribute Mr. Menichini's injuries to Defendants' breach of their duties under the Restatement of the Law of Torts (Second) and violation of Occupational Safety and Health Administration ("OSHA") regulations. (Doc. 31, at 44-71).

Now pending before the Court are two motions to dismiss filed by Defendants. (Doc. 37; Doc. 38). On June 12, 2023, Possessor Defendants filed a motion to dismiss and a motion to strike the first amended complaint pursuant Fed. R. Civ. P. 12(b)(6) and a motion for more definite statement pursuant Fed. R. Civ. P. 12(e). (Doc. 37, at 1). Defendant Contractor filed a motion to dismiss pursuant Fed. R. Civ. P. 12(b)(6) on the same day. (Doc. 38). For the reasons stated herein, the Defendants' motions to dismiss shall be **DENIED** and Possessor Defendants' motion for more definite statement shall be **GRANTED IN PART**. (Doc. 37; Doc. 38).

## 1. BACKGROUND AND PROCEDURAL HISTORY

The following facts are derived from the amended complaint. (Doc. 31). This case arises from an incident that occurred on June 29, 2021, at 108 Monahan Avenue, Dunmore PA, 18512 ("the premises"). (Doc. 31, ¶ 11). While Mr. Menichini was performing maintenance work on an HVAC Unit at the premises, he fell through a "camouflaged, disguised, hidden, concealed indistinguishable, unguarded, unprotected, unmarked, and uncovered skylight" that had a "deceptive appearance of safety." (Doc. 31, ¶¶ 21, 31). As a result of the fall, Mr. Menichini was seriously injured and permanently disabled. (Doc. 31, ¶¶

32, 33, 43). Plaintiffs assert that, "at all relevant times, Defendants owned, leased, controlled, maintained, inspected, and repaired the premises." (Doc. 31, ¶ 13). Specifically, that Possessor Defendants "contracted, retained, or otherwise hired" Contractor Defendant to inspect and repair the roof at the premises they owned. (Doc. 31, ¶ 15). While working on the roof, Contractor Defendant coated the skylight in a protectant which "further camouflaged its appearance." (Doc. 31, ¶ 16). According to Plaintiffs, Defendants' failure "to exercise reasonable care [by taking] the necessary precautions to protect those who would be working" at the premises increased the risk of harm to others, including Mr. Menichini. (Doc. 31, ¶ 20). Defendants had a duty to warn of the danger caused by the deceptive nature of the skylight. (Doc. 31, ¶ 21). Because Defendants failed to warn Mr. Menichini of the hazardous condition on their land or repair the hazard in accordance with OSHA guidelines, Mr. Menichini argues he is entitled to compensatory damages, punitive damages, delay damages pursuant Pa. R. C. P. 238, and interest. (Doc. 31, ¶ 71).

## 2. LEGAL STANDARDS AND RULES

### A. MOTION TO DISMISS

Defendants seek dismissal of Plaintiffs' complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 37; Doc. 38). Rule 12(b)(6) authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To assess the sufficiency of a complaint on a Rule 12(b)(6) motion, a court must first take note of the elements a plaintiff must plead to state a claim, then identify mere conclusions which are not entitled to the assumption of truth, and finally determine whether the complaint's factual allegations, taken as true, could plausibly satisfy the elements of the legal claim. *Burch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011). In deciding a Rule

12(b)(6) motion, the court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

After recognizing the required elements which make up the legal claim, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The plaintiff must provide some factual ground for relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Thus, courts "need not credit a complaint's 'bald assertions' or 'legal conclusions…'" *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). The court also need not assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. V. Cal. St. Council of Carpenters*, 459 U.S. 519, 526 (1983).

A court must then determine whether the well-pleaded factual allegations give rise to a plausible claim for relief. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Palakovic v. Wetzel*, 854 F.3d 209, 219-20 (3d Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted); *see also Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010). The court must accept as true all allegations in the complaint, and any reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d

4

1250, 1261 (3d Cir. 1994). This "presumption of truth attaches only to those allegations for which there is sufficient factual matter to render them plausible on their face." *Schuchardt v. President of the U.S.*, 839 F.3d 336, 347 (3d Cir. 2016) (internal quotation and citation omitted). The plausibility determination is context-specific and does not impose a heightened pleading requirement. *Schuchardt*, 839 F.3d at 347.

B.  M̲O̲T̲I̲O̲N̲ ̲T̲O̲ ̲S̲T̲R̲I̲K̲E̲

Rule 12(f) of the Federal Rules of Civil Procedure governs motions to strike pleadings and provides, in part, that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Courts have broad discretion in resolving motions to strike. *Cipollone v. Liggett Group, Inc.*, 789 F.2d 181, 188 (3d Cir. 1986). "The purpose of a motion to strike is to clean up the pleadings, streamline litigation, and avoid necessary forays into immaterial matters." *Simmons v. Nationwide Mut. Fire Ins. Co.*, 788 F. Supp. 2d 404, 407 (W.D. Pa. 2011) (quoting *McInerney v. Moyer Lumber & Hardware, Inc.*, 244 F. Supp. 2d 393, 402 (E.D. Pa. 2000)) (internal quotation marks omitted). "[A]lthough Rule 12(f) grants the court the power to grant a motion to strike, such motions are not favored and usually will be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues." *Dann v. Liacola Nat'l Corp.*, 274 F.R.D. 139, 142-43 (E.D. Pa. 2011) (internal quotations marks omitted). Rule 12(f) should not be used to determine disputed and significant questions of law. *Dann*, 274 F.R.D. at 142-43. However, "[d]espite courts' distaste for striking pleadings and portions thereof, doing so is appropriate when the type or amount of relief sought is unavailable under law." *Medevac MidAtlantic, LLC v. Keystone Mercy Health Plan*, 817 F. Supp. 2d 515, 520 (E.D. Pa. 2011). Regardless, striking a pleading

is a "drastic remedy" that should be "sparingly used by courts." *N. Penn Transfer, Inc. v. Victaulic Co. of America*, 859 F. Supp. 154, 158 (E.D. Pa. 1994).

C. MOTION FOR MORE DEFINITE STATEMENT

Federal Rule of Civil Procedure 12(e) often serves as a corollary to pleading standards under Rule 8(a). Rule 8(a) provides that a complaint must include "a short and plain statement of the grounds for the court's jurisdiction[;] … the claim showing that the pleader is entitled to relief; and … a demand for the relief sought, which may include … different types of relief." Fed. R. Civ. P. 8(a). Where the complaint is lacking in this regard:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired.

Fed. R. Civ. P. 12(e).

"A motion for a more definite statement is not a substitute for the discovery process" and such motions disfavored. *Wheeler v. United States Postal Service*, 120 F.R.D. 487, 488 (M.D. Pa. 1987). A motion for more definite statement is typically only granted where pleadings are "unintelligible or if it is virtually impossible for the opposing party to craft a responsive pleading." *Maya v. Chertok,* No. 1:15-CV-00484, 2015 WL 5254377, at *2 (M.D. Pa. Sept. 9, 2015) (quoting *Morris v. Kesserling,* No. 1:09-CV-1739, 2010 WL 4362630, at *1 (M.D. Pa. Oct. 27, 2010), *aff'd sub nom. Morris v. Kesselring*, 514 F. App'x 233 (3d Cir. 2013) (quotations omitted)); *see Schaedler v. Reading Eagle Publ'n*, 370 F.2d 795, 798 (3d Cir. 1966) (such motions are "directed to the rare case where because of the vagueness or ambiguity of the pleading the answering party will not be able to frame a responsive pleading"). The opposing party must be unable to respond "even with a simple denial[ ] in good faith or without prejudice to

6

himself." *Brueggman v. Fayette Cnty., Pennsylvania*, No. CIV.A. 95-446, 1995 WL 606796, at *4 (W.D. Pa. Aug. 17, 1995); *see Kimberton Healthcare Consulting, Inc. v. Primary PhysicianCare, Inc.,* No. CIV.A. 11-4568, 2011 WL 6046923, at *3 (E.D. Pa. Dec. 6, 2011) ("a motion for a more definitive statement is generally ... used to provide a remedy for an unintelligible pleading rather than as a correction for a lack of detail" (quotations omitted)).

The Third Circuit has, however, "highlighted the usefulness of a motion for a more definite statement when a complaint does not disclose the facts underlying a plaintiff's claim for relief such that the defendant cannot reasonably be expected to frame a proper, fact-specific defense." *Miller v. Atl. Freight Sys., Inc.,* No. 1:11-CV-01954, 2013 WL 1308235, at *3 (M.D. Pa. Jan. 29, 2013), *report and recommendation adopted sub nom. Miller v. Atl. Freight Sys.*, No. 1:11-CV-1954, 2013 WL 1292907 (M.D. Pa. Mar. 28, 2013*)* (citing *Thomas v. Independence Twp.*, 463 F. 3d 285, 301 (3d Cir. 2006)). In this circumstance, "the Rule 12(e) motion for a more definite statement is perhaps the best procedural tool available to obtain the factual basis underlying a plaintiff's claim for relief." *Thomas*, 463 F.3d at 301. These motions are largely committed to the discretion of the trial court. *Maya*, 2015 WL 5254377, at *2.

### 3. DISCUSSION

Plaintiffs assert four Counts in their amended complaint. (Doc. 31, ¶¶ 44-71, 72-82, 83-93, 94-106). Count I is alleged against all Defendants, Count II against Freehold, Count III against Sweetwater, and Count IV against Contractor Defendant. (Doc. 31, ¶¶ 44-71, 72-82, 83-93, 94-106). Each Count posits a negligence claim, providing Defendants acted recklessly and violated OSHA regulations. (Doc. 31, ¶¶ 44-71, 72-82, 83-93, 94-106). Each Count also contains a request for punitive damages. (Doc. 31, ¶¶ 71, 82, 93, 106).

In Pennsylvania, a negligence cause of action is established by alleging (1) duty, (2) breach, (3) causation, and (4) damages. *See Farabaugh v. Pa. Tpk. Comm'n*, 911 A.2d 1264, 1272–73 (2006); *Gutteridge v. A.P. Green Servs., Inc.*, 2002 PA Super 198, 804 A.2d 643, 654 (2002). At this stage in the litigation, parties dispute whether Defendants owed Mr. Menichini a duty of care.[1] (Doc. 39, at 18-20; Doc. 40, at 2, 17, 19-26; Doc. 45, at 16, 18-27; Doc. 46, at 16, 24-42; Doc. 54, at 5-7; Doc. 55, at 2-8; Doc. 61, at 2-6; Doc. 62, at 2-3). Whether a defendant owes a plaintiff a duty of care is a question of law.[2] *See Farabaugh*, 911 A.2d at 1273.

### A. Possessor Defendants' Duty to Mr. Menichini

---

[1] Although the parties additionally discuss the peculiar risk doctrine, they ultimately agree an analysis of this doctrine should be reserved for later in the litigation. (Doc. 39, 18-19; Doc. 45, at 27-29; Doc. 46, at 15; Doc. 54, at 3; Doc. 62, at 7); *see Holt v. Lowe's Home Centers, LLC*, No. 4:15-CV-01728, 2016 WL 524226, at *4-5 (M.D. Pa. Feb. 10, 2016) (asserting that when it is unclear whether a risk is peculiar such that reasonable minds could disagree, then the issue should be submitted to a jury). Further, in their proposed order, Possessor Defendants request the Court strike and dismiss all allegations of their duty to Mr. Menichini except those involving peculiar risk. (Doc. 37-1, at 1). The Court will not review the applicability of the peculiar risk doctrine at this juncture.

[2] Plaintiffs assert Defendants' motion to dismiss on the basis of duty is procedurally improper because Defendants' "argument is based on allegations in the *original* Complaint, not the new allegations," and because Defendants initially filed an answer, not a Rule 12 motion. (Doc. 45, at 18 n.2). This argument fails, as "[i]t has long been the rule in this district that in answering an amended complaint the defendant is free to answer not simply the amendments, but the new complaint, as if answering an original complaint." *Muncipal Revenue Servs., Inc. v. Xspand, Inc.*, No. 4:05CV671, 2006 WL 91358, at *2 (M.D. Pa. Jan. 12, 2006); *see Arlington Indus., Inc. v. Bridgeport Fittings, Inc.*, No. 3:06-CV-1105, 2008 WL 11334441, at *5 (M.D. Pa. May 19, 2008)( stating, "Defendant is free to answer not simply the amendments, but the new amended complaint, as if answering an original complaint"). Additionally, the Court specifically granted Plaintiffs' motion to amend "without prejudice to Defendants raising any defenses to the claims made in the amended complaint." (Doc. 30, at 1). Accordingly, the Court finds Defendants' motion to dismiss procedurally proper.

Possessor Defendants assert they did not owe a duty of care to Mr. Menichini because he was an independent contractor, thus, they had no responsibility to oversee how he completed his work. (Doc. 37, ¶ 17; Doc. 39, at 18). Plaintiffs aver Possessor Defendants owed Mr. Menichini a duty of care as landowners with a concealed, dangerous condition on their property. (Doc. 45, at 23-24). Because the dangerous condition was not created by Mr. Menichini through his contracted work and pre-existed his entry onto the premises, Plaintiffs argue that the "non-liability to employees of an independent contractor does not apply here." (Doc. 45, at 20-21).

The complaint sufficiently alleges Possessor Defendants owed Mr. Menichini a duty of care as a business invitee on their land. (Doc. 31, ¶¶ 11, 20); *see Gay v. A.O. Smith Corp.*, 586 F. Supp. 3d 354, 359 (W.D. Pa. 2022); *see also Gutteridge v. A.P. Green Servs., Inc.*, 2002 PA Super 198, 804 A.2d 643, 656 (2002) ("Employees of independent contractors … are 'invitees' who fall within the classification of 'business visitors.'"). "A landowner owes 'the highest duty' to a business invitee." *Gay*, 586 F. Supp. 3d at 359 (quoting, *Gutteridge*, 804 A.2d at 656.). Pennsylvania courts review a landowner's duty to business invitees in accordance with the Restatement (Second) of Torts § 343. *See Gay*, 586 F. Supp. 3d at 359; *see also Humphries v. Pennsylvania State Univ.*, No. 4:20-CV-00064, 2021 WL 4355352, at *18 (M.D. Pa. Sept. 24, 2021), *motion to certify appeal denied,* No. 4:20-CV-00064, 2021 WL 5792832 (M.D. Pa. Dec. 7, 2021). The Restatement supplies:

> A possessor of land is subject to liability for physical harm caused to his invitees by condition on the land if, but only if, he (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and (c) fails to exercise reasonable care to protect them against the danger.

Restatement (Second) of Torts § 343 (1965).

A "landowner does not owe a duty to the contractor's employee if the defective conditions of the land are the products of the contractor's work." *Warnick v. Home Depot U.S.A., Inc.*, 516 F. Supp. 2d 459, 466 (E.D. Pa. 2007). A landowner does, however, have a duty to "warn an unknowing independent contractor of existing dangerous conditions on the landowner's premises where such conditions are known or discoverable to the owner." *Colloi v. Philadelphia Elec. Co.*, 481 A.2d 616, 619 (1984); *see also Beary v. Container Gen. Corp.*, 533 A.2d 716, 722 (1987) (stating landowner-defendants "created the hazard" on their property "by failing to warn" plaintiff of a dangerous condition).

According to the amended complaint, the dangerous condition pre-existed Mr. Menichini's arrival and was not the product of his work.[3] (Doc. 31, ¶¶ 12, 16, 20, 24); *Warnick*, 516 F. Supp. 2d. at 466. Additionally, Possessor Defendants knew or had reason to know of

---

[3] Possessor Defendants cite *Wombacher v. Greater Johnstown School District* for the proposition that, "Pennsylvania law imposes no general duty on property owners to prepare and maintain a safe building for the benefit of a contractor's employees who are working on that building." (Doc. 54, at 3); 20 A.3d 1240, 1242 (Pa. Commw. Ct. 2011) (citing *Gutteridge*, 804 A.2d at 656). However, as Plaintiffs note in their *sur* reply brief, Possessor Defendants omit the end of this quote that unequivocally states, "[n]evertheless, as noted above, a landowner must protect an invitee not only against known dangers, but also against those which might be discovered with reasonable care." (Doc. 61, at 2); 20 A.3d at 1240 (citing *Gutteridge*, 804 A.2d at 656). Because the complaint suggests the skylight was a known danger, the Court concludes that Plaintiffs have sufficiently alleged that Possessor Defendants had a duty to warn Mr. Menichini of its existence. (Doc. 31, ¶¶ 20, 24, 27). Allegations regarding what specific measures Defendants had to do to satisfy their duty to Mr. Menichini are better resolved at a later stage of litigation, as "[w]hile the existence of a duty is a question of law, whether there has been a neglect of such duty is generally for the jury." *Emerich v. Phila. Ctr. for Human Dev., Inc.*, 720 A.2d 1032, 1044 (1998).

the dangerously concealed skylight and that contractors would be working nearby on the roof. (Doc. 31, ¶¶ 24, 26, 27, 51); Restatement (Second) of Torts § 343 (1965). Further, that such contractors would be unable to independently discover the danger of the skylight because Possessor Defendants took measures to ensure it was "camouflaged, disguised, hidden, concealed, indistinguishable, unguarded, unprotected, unmarked, and uncovered." (Doc. 31, ¶¶ 27, 50, 54, 59 (ll)); Restatement (Second) of Torts § 343 (1965). Accordingly, Plaintiffs have sufficiently alleged that Possessor Defendants had a duty to warn Mr. Menichini of the dangerous condition on their land to survive a motion to dismiss. (Doc. 31); *Harper v. Westfield Apartments*, No. CIV.A. 04-CV-2231, 2005 WL 2452161, at *2 (E.D. Pa. Oct. 3, 2005) (denying a motion to dismiss where complaint contained facts that "could give rise to a duty on the part of [defendants].").

B. Contractor Defendant's Duty to Mr. Menichini

Contractor Defendant argues they did not owe a duty of care to Mr. Menichini for three reasons: 1) they were not Mr. Menichini's employer and thus not subject to OSHA;[4] 2) they were not a possessor or owner of the premises at the time of the incident;[5] and 3) they had no contractual obligation to ensure the safety of the premises for Mr. Menichini. (Doc.

---

[4] The Court agrees that Contractor Defendants did not owe Mr. Menichini a duty as his employer. However, while OSHA regulations do not establish a duty between parties, they may be used later in the negligence analysis as evidence of a standard of care. *Rolick v. Collins Pine Co.*, 975 F.2d 1009, 1014 (3d Cir. 1992) (asserting OSHA evidence can be used as evidence of a standard of care in situations where a duty has been independently established).

[5] In their briefing, the parties agree Contractor Defendant did not owe Mr. Menichini a duty of care as a landowner. (Doc. 40, at 24; Doc. 46, at 26).

40, at 17). Plaintiffs contend Defendant's liability is premised upon Pennsylvania law that states contractors may be held liable for dangerous conditions they create on another's land. (Doc. 46, at 25-26). Additionally, Plaintiffs aver that, regardless of whether a contract existed, Contractor Defendant owed Mr. Menichini a duty, the scope of which cannot be determined at this stage of the case. (Doc. 46, at 32).

The amended complaint sufficiently alleges that Contractor Defendant, by virtue of creating a dangerous condition on Possessor Defendants' land, had a duty to Mr. Menichini. (Doc. 31, ¶ 97-100). A contractor, despite having no possessory rights, may be liable for injuries that occur as a result of their work. *Prost v. Caldwell Store, Inc.,* 187 A.2d 273, 277 (Pa. 1963) (finding a contractor who has created a dangerous condition through work performed for a landowner may be liable for injuries that occur as a result); *see also Brown v. City of Oil City*, 294 A.3d 413, 435 (Pa. 2023) ("we hold that a contractor who has created a dangerous condition through work performed for a possessor of land may be liable under Section 385 to all persons suffering injuries caused by the dangerous condition, even if that condition is obvious or apparent in nature"). Accordingly, contractors have a duty towards third parties who may encounter their handiwork.[6] *See Brown*, 294 A.3d at 430-31, 435 (establishing that a contractor has a duty to third parties who may be harmed because the contractor created a dangerous condition on a possessor's land). The amended complaint states that the dangerous

---

[6] In *Brown v. City of Oil City,* the Pennsylvania Supreme Court reiterated, "Our holding today does not alter a possessor of land's potential liability to third parties for injuries caused by a dangerous condition existing on the land, and, therefore, does not preclude the prospect of a possessor being found jointly liable with a contractor for the harm a dangerous condition caused to third parties." 294 A.3d at 434.

condition at the premises was created through Contractor Defendant's contracted work. (Doc. 31, ¶¶ 16, 32-34, 98). Contractor Defendant "coated the metal roof and/or skylights at issue with a protectant substance. . . [which] further camouflaged the appearance of the skylights." (Doc. 31, ¶ 16). Plaintiffs allege this, combined with Contract Defendant's failure to inspect and repair the skylights, resulted in the creation of a dangerous hazard. (Doc. 31, ¶¶ 15, 16, 32-34). As Plaintiffs have sufficiently plead Contractor Defendant's work created a dangerous condition on Possessor Defendants' land, the Court finds the existence of a duty between Contractor Defendant and Mr. Menichini as a third party encountering the condition was plausibly raised in the amended complaint. (Doc. 31); *see Gorchock v. URS Corp. – Ohio, No. 2:19CV1323, 2020 WL 5628991, at *6-7 (W.D. Pa. Sept. 21, 2020)* (denying a motion to dismiss complaint where defendants status as a contractor bestowed a "a general duty to use reasonable care to avoid injury to others devolved upon [their work] as a matter of law.").

Related to this issue is Plaintiff's argument that Contractor Defendant had a contractual duty to "inspect, repair, and/or maintain" the premises' roof. (Doc. 31, ¶ 15). According to Plaintiffs, Contractor Defendant negligently performed these contractual duties, which resulted in harm to Mr. Menichini. (Doc. 61, at 5-6). To provide they had no contractual duty to create a safe work environment for Mr. Menichini, Contractor Defendant attaches a contract to their brief in support as an exhibit. (Doc. 40, at 25; Doc. 40-2). Contractor Defendant contends the only agreement applicable to this case is the attached contract executed on August 9, 2018, between Contractor Defendant and Freehold. (Doc. 40, at 25; Doc. 40-2). Contractor Defendant avers, "[t]here is nothing in this contract about [Contractor Defendant] performing any work on the skylights or coating the skylights with any type of 'protectant substance.'" (Doc. 40, at 25; Doc. 40-2). Additionally, that "there is

nothing in this contract that states that Moving Defendant will ensure the safety of the Property for independent contractors who may work at the Property in the future." (Doc. 40, at 26; Doc. 40-2). Contractor Defendant also states that in their original answer, a copy of the contract, which is "clearly a contract under Pennsylvania law," was "exchanged in discovery and attached as Exhibit 'B.'" (Doc. 40-2; Doc. 55, at 4, 10 n.20). Plaintiffs argue the contract provided as an exhibit with Contractor Defendant's brief in support is not a complete copy of the contract, not representative of the extent of Contractor Defendant's contractual duties, and not "an undisputably authentic document." (Doc. 40-2; Doc. 46, at 22; Doc. 61, at 2-4). As a result, Plaintiffs suggest proper discovery is necessary to determine the scope of Contractor Defendant's contractual duties. (Doc. 46, at 24).

"A party to a contract has two duties: a contractual duty and a legal duty to act without negligence towards both the other party to the contract and third parties." *Young v. Com. Grp., Inc.*, No. CIV.A.01-05074, 2005 WL 591199, at *5 (E.D. Pa. Mar. 8, 2005); *see also Prost v. Caldwell Store, Inc.*, 187 A.2d 273, 275 (Pa. 1963). Thus, if a contract does exist between Freehold and Contractor Defendant, Contractor Defendant could be held liable for injuries sustained by Mr. Menichini as a result of their negligence in performing the contract. *Young, 2005 WL 591199*, at *5. "To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). "[A] court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Pension Ben. Guar. Corp, 998 F.2d at 1196*. To be considered at the motion to dismiss stage, the document's authenticity cannot be disputed by either party. *See First*

14

*Nonprofit Ins. Co. v. Meenan Oil LLC*, 462 F. Supp. 3d 537, 542 (E.D. Pa. 2020) (finding that because plaintiff disputed the authenticity of a contract attached to defendants' motion, it could not be considered at the motion to dismiss stage).

Here, there is a dispute regarding the authenticity of the contract provided as an exhibit by Contractor Defendant. (Doc. 40-3; Doc. 55, at 10 n. 20; Doc. 61, at 2-4). Accordingly, the contract exhibit cannot be considered. *See First Nonprofit Ins. Co.*, 462 F. Supp. 3d at 542. Because the amended complaint adequately suggests that Contractor Defendant had a contractual duty to "inspect, repair, and/or maintain the skylight," Plaintiffs have satisfied their pleading requirement for the issue of Contractor Defendant's duty for the purpose of a motion to dismiss. (Doc. 31, ¶ 15); *see Gorchock*, 2020 WL 5628991, at *6-7 (denying a motion to dismiss where defendants status as a contractor bestowed a "a general duty to use reasonable care to avoid injury to others devolved upon [their work] as a matter of law. This duty existed without regard to privity of contract.").

C. APPLICABILITY OF OSHA[7]

OSHA governs personal injuries arising from "work situations" in an effort to "reduce the number of occupational safety and health hazards" at workplaces. 29 U.S.C.A. § 651(a), (b)(1). OSHA imposes statutory duties for employers to maintain safe workplaces. *See Ries v.*

---

[7] Possessor Defendants also argue that Plaintiffs' assertion in the amended complaint that OSHA violations are negligence per se is incorrect. (Doc. 39, at 20). "Congress did not intend for a violation of an OSHA regulation to result in negligence per se [.]" *Ries v. Nat'l R.R. Passenger Corp.,* 960 F.2d 1156, 1162 (3d Cir. 1992). Plaintiffs concedes this point, and "agrees to amend the reference to 'negligence per se' as it relates to OSHA violations. . . and replace with the phrase 'in violation of OSHA as a standard of care, the violation of which is evidence of negligence.'" (Doc. 45, at 37 n.8).

*Nat'l R.R. Passenger Corp.,* 960 F.2d 1156, 1160 (3d Cir. 1992). Plaintiffs allege Defendants violated OSHA provisions 29 U.S.C.A. § 1910 and 29 U.S.C.A. § 1926. (Doc. 31, ¶¶ 59(c), 78-79, 84, 89-90, 95-96). Defendants argue OSHA does not apply in this case because they were not Mr. Menichini's employer and did not owe him a duty of care (Doc. 39, at 20-21; Doc. 40, at 22-23; Doc. 54, at 2-5; 5-8). Plaintiffs submit that, "the Third Circuit is clear that evidence of OSHA violations – even by a defendant who is not the plaintiff's employer – is admissible and relevant to the issue of the standard of care." (Doc. 45, at 35; Doc. 46, at 40).

Too apply OSHA regulations as evidence that Defendants had a duty to Mr. Menichini would be contrary to the intent of OSHA and is not supported under Pennsylvania law. *See Rolick v. Collins Pine Co.*, 975 F.2d 1009, 1014 (3d Cir. 1992). The Third Circuit and Pennsylvania courts have concluded that OSHA violation evidence becomes relevant after a duty has been established between parties. *See Rolick,* 975 F.2d at 1014 (stating, "[w]e can think of no reason under the Federal Rules of Evidence why the OSHA regulation is not relevant evidence of the standard of care *once it is determined, as we have done, that under Pennsylvania law the defendants could owe plaintiff a duty of care*." (emphasis added)); *see also Dyvex Indus., Inc. v. Agilex Flavors & Fragrances, Inc.*, No. 12-CV-0979, 2018 WL 1101028, at *7-8 (M.D. Pa. Feb. 28, 2018) (finding that because an employee/employer relationship did not exist between plaintiff and defendant, defendant did not owe a duty of care to plaintiff and evidence of purported OSHA violations was inconsequential to the action, providing OSHA standards cannot create a duty where none is owed); *see also Nertavich v. PPL Elec. Utilities*, 100 A.3d 221, 244 (2014), *aff'd*,  124 A.3d 734 (2015) (finding because there was no pre-existing duty between the parties, evidence of OSHA violations was not relevant). Evidence of an

16

OSHA violation may be used to establish a standard of care and as evidence that an established duty was breached. *Rolick*, 975 F.2d at 1014.

Because the amended complaint sufficiently alleges Defendants each owed Mr. Menichini a duty, OSHA evidence may be relevant to establishing whether they acted negligently. (Doc. 31). Thus, the Court will deny Defendants' motions to dismiss and motion to strike on this basis. (Doc. 37; Doc. 38).

### D. PLAINTIFFS' REQUEST FOR PUNITIVE DAMAGES

Defendants assert Plaintiffs are not entitled to punitive damages. (Doc. 39, at 18; Doc. 40, at 26-29). Possessor Defendants argue that "punitive damages are unavailable for violating a duty that doesn't exist under the law."[8] (Doc. 39, at 18). Additionally, that "[p]unitive damages, an extreme remedy under Pennsylvania law, still aren't implicated under the applicable law and facts of this case." (Doc. 54, at 8). Quoting *Hutchinson v. Luddy*, Contractor Defendant avers, "[p]unitive damages 'are penal in nature and are proper only in cases where the defendant's actions are so outrageous as to demonstrate willful, wanton or reckless conduct.'" (Doc. 40, at 26); 870 A.2d 766, 770 (Pa. 2005). Plaintiffs argue they alleged "very

---

[8] Citing *Castelli-Velez v. Moroney*, Possessor Defendants aver, "the proper method to challenge punitive damages is via a Motion to Strike rather than a Motion to Dismiss since Pennsylvania does not recognize a separate cause of action/claim for punitive damages." (Doc. 37-2, at 11-14; Doc. 39, at 29 n.1); No. 3:20-CV-00976, 2021 WL 978814 (M.D. Pa. Mar. 16, 2021). This case, quite clearly, states otherwise, providing "the court notes that a Rule 12(f) motion to strike has '*no application to a request for punitive damages*, in that it does not constitute redundant, immaterial, impertinent, or scandalous matter.'" (emphasis added) *Castelli-Velez*, 2021 WL 978814, at *4 (citing *North Side Foods Corp. v. Bag-Pack, Inc.,* No. 06-CV-1612, 2007 WL 954106, at *3 (W.D. Pa. Mar. 28, 2007)); *see also Jordan v. Wilkes-Barre General Hosp.*, No. 07-CV-390, 2008 WL 3981460, at *4 (M.D. Pa. Aug. 22, 2008) (reiterating a Rule 12(f) motion is not the proper way to eliminate requests for punitive damages)).

detailed factual allegations supporting a punitive damages claim." (Doc. 61, at 9). Because they have alleged reckless conduct, Plaintiffs contend any request to strike or dismiss their claim for punitive damages is premature. (Doc. 35, at 38; Doc. 46, at 42).

In general, courts "decline to dismiss punitive damages claims where … the plaintiff has alleged recklessness." *See Castelli-Velez v. Moroney*, No. 3:20-CV-00976, 2021 WL 978814, at * 4 (M.D. Pa. Mar. 16, 2021); *see also Harvell v. Brumberger*, No. 3:19-CV-2124, 2020 WL 6947693, at *8 (M.D. Pa. Nov. 4, 2020) ("As a general rule, the courts have deemed such motions to dismiss punitive damages claims to be premature and inappropriate where, as here, the complaint alleges reckless conduct."), *report and recommendation adopted*, 2020 WL 6946575 (M.D. Pa. Nov. 25, 2020); *see also Shelton v. Gure*, No. 3:19-CV-843, 2019 WL 4168868, at *2 (M.D. Pa. Sept. 3, 2019) (finding an allegation of recklessness sufficient to preserve a punitive damages claim on a motion to dismiss); *see also Ortiz v. Porte Reve Transp., Inc.*, No. 1:15-CV-958, 2015 WL 4078873, at *4 (M.D. Pa. July 6, 2015) ("[T]he motion to dismiss stage is not the appropriate time to differentiate between negligent and reckless conduct."). Here, Plaintiffs have specifically alleged Defendants acted recklessly. (Doc. 31, ¶¶ 56, 57, 59). Accordingly, the Court will deny Defendants' motion to dismiss and motion to strike as to punitive damages.[9] (Doc. 37; Doc. 38); *see Banayan v. Feldpausch*, No. 4:22-CV-00264, 2022 WL 1673448, at *2 (M.D. Pa. May 25, 2022) (denying a motion to dismiss punitive damages a the pleading stage).

---

[9] Defendants' motion to strike claims for punitive damages will be denied, as the request is not "redundant, immaterial, impertinent, or scandalous at this stage." (Doc. 37; Doc. 40, at 17; Doc. 55, at 14); *Banayan*, 2022 WL 1673448, at *2.

E.  Defendants' Motion for a More Definite Statement

Defendants argue that Plaintiffs have included allegations warranting a more definite statement in the amended complaint. (Doc. 39, at 27; Doc. 40, at 29-30). Specifically, Defendants request a more definite statement regarding Paragraph 59 (n), (u), (o), and (oo) [10] of the amended complaint, which provide:

> (n) Breaching their duties under various sections of the Restatement of the Law of Torts (Second);
>
> (o) Exposing Plaintiff to a peculiar risk;
>
> (u) Violating and failing to comply with federal and state statutes, local ordinances, and all other rules, codes, enactments, safety standards or regulations applicable, or in effect, administrative, industry-wide or otherwise, pertaining to the performance of construction work, roofs and skylights; and
>
> (oo) Violating contractual responsibilities. [11]

(Doc. 37, ¶ 32; Doc. 31, ¶¶ 59 (n), (o), (u), (oo); Doc. 40, at 30).

Defendants contend these allegations are vague and insufficiently specific, making it

---

[10] In their motion, Possessor Defendants identify Paragraph 59(o) of the amended complaint as alleging "contractual violations." (Doc. 37, at ¶ 32). However, Paragraph 59(o) of the amended complaint alleges applicability of the peculiar risk doctrine. (Doc. 31, at ¶ 59(o)). Paragraph 59(oo) of the amended complaint alleges contractual violations. (Doc. 31, ¶ 59 (oo)). Accordingly, as Contractor Defendants have requested a more definite statement on both Paragraph 59(o) and Paragraph 59(oo), the Court will review both provisions to determine whether a more definite statement is warranted. (Doc. 31, ¶ 59 (o), (oo); Doc. 37, ¶ 32; Doc. 40, at 30).

[11] All Defendants request a more definitive statement pursuant Rule 12(e) for sections of Paragraph 59 of the amended complaint in their briefing. (Doc. 39, at 27; Doc. 40, at 30). Whereas Contractor Defendants do not request a more definite statement pursuant Rule 12(e) in their actual motion, the Court will consider the request contained in their brief in tandem with Possessor Defendants' motion requesting a more definite statement. (Doc. 37, ¶ 32; Doc. 38; Doc. 40, at 30).

impossible to formulate an answer. (Doc. 39, at 28; Doc. 40, at 30).

Plaintiffs argue Rule 8 does not require them to plead specific legal theories, but rather a "short and plain statement of the claim" demonstrating they are entitled to relief. (Doc. 45, at 47; Doc. 46, at 48). The challenged allegations are not to be read independently, but "in view of all other facts" plead in the amended complaint. (Doc. 45, at 51; Doc. 46, at 52). Lastly, Plaintiffs assert, "a motion for a more definite statement is not a substitute for discovery." (Doc. 45, at 51; Doc. 46, at 53).

In applying the standard for a Rule 12(e) Motion, the Court grants Defendants' motion with respect to the following paragraphs:

> (n) Breaching their duties under various sections of the Restatement of the Law of Torts (Second); [and]

> (u) Violating and failing to comply with federal and state statutes, local ordinances, and all other rules, codes, enactments, safety standards or regulations applicable, or in effect, administrative, industry-wide or otherwise, pertaining to the performance of construction work, roofs and skylights[.]

> (Doc. 31, ¶¶ 59 (n), (u)).

Under Federal Rule of Civil Procedure 12(e), a defendant may move "for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Federal Rule of Civil Procedure 8 provides that a complaint must give the defendant fair notice of the claims and the grounds on which it rests. *See Pozarlik v. Camelback Assocs., Inc.,* No. 3:11-CV-1349, 2011 WL 6003841, at *3 (M.D. Pa. Nov. 30, 2011). Pennsylvania courts have held allegations in a complaint broadly alleging laws have been violated, without specifying which ones, are "impermissibly vague," to "put the defendants on notice of the exact federal, state, or local statutes or regulations it would be required to defend against." *Harvell v. Brumberger,* No. 3:19-

CV-2124, 2020 WL 6947693, at *11 (M.D. Pa. Nov. 25, 2020) (quoting *Carson v. Trucker*, No. 5:20-CV-00399, 2020 WL 1953655, at *6 (E.D. Pa. Apr. 23, 2020)); *see also Williams v. CW Transp., LLC*, No. 3:21-CV-01044, 2021 WL 6197801, at *5 (M.D. Pa. Dec. 31, 2021).

Here, the allegations enumerated in Paragraphs 59(n) and Paragraph 59(u), "as currently pleaded, [are insufficient to] put the defendants on notice of the statutes and/or rules it will be required to defend against." (Doc. 31, ¶¶ 59 (n), (u)); *Harvell*, 2020 WL 6947693, at *11. The vague allegations stated in these paragraphs are not specific enough to allow for Defendants to answer or mount a defense. (Doc. 31, ¶¶ 59 (n), (u)); *see Harvell*, 2020 WL 6947693, at *11. "Defendant[s] cannot be left to speculate what specific statute or regulation was violated." *See Carson*, 2020 WL 1953655, at *6. Accordingly, the Court will grant Defendants' motion for a more definite statement in part. (Doc. 37; Doc. 40, at 29); *see Fuhrman v. Mawyer*, No. 1:21-CV-02024, 2022 WL 2318687, at *4 (M.D. Pa. June 28, 2022) (granting a motion for a more definite statement on paragraphs that "contain[] an allegation that a Defendant broadly violated the laws of a geographic region or a regulatory code, absent any reference to a specific statute, rule, regulation, or ordinance"); *see also Williams*, 2021 WL 6197801, at *5 (granting a motion for a more definite statement because challenged allegations in the complaint did not detail specific statutes and/or ordinances allegedly violated by defendants).

### 4. LEAVE TO AMEND

The Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp., et al.*, 293 F.3d 103, 108 (3d Cir. 2002). Further, "[a] district court has 'substantial leeway in deciding whether to grant leave

to amend.'" *In re Avandia Mktg., Sales Practices & Prod. Liab. Litig.*, 564 F. App'x 672, 673 (3d Cir. 2014) (not precedential) (quoting *Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir. 2000)). In this case, the Court will grant Plaintiffs leave to file a second amended complaint in an attempt to cure the deficiencies outlined herein. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Grayson*, 293 F.3d at 108.

Plaintiffs may be able to cure the defects identified in the amended complaint with a more detailed pleading. Accordingly, the Court will grant Plaintiffs leave to re-plead the allegations in Paragraphs 59(n) and (u) of the amended complaint in accordance with this Memorandum. (Doc. 31, ¶¶ 59 (n), (u)). Specifically, Plaintiffs shall have the opportunity to set forth the specific statutes or regulations they allege Defendants violated. (Doc. 31, ¶¶ 59 (n), (u)); *see Harvell*, 2020 WL 6947693, at *11. Plaintiffs shall have 30 days from the date of this Memorandum to file an amended complaint in accordance with the directives of this Memorandum and accompanying Order.

**5. CONCLUSION**

Based on the foregoing, Defendants' motions to dismiss is **DENIED** (Doc. 37; Doc. 38). Defendants' motion for more definite statement is **GRANTED IN PART**. Plaintiffs are granted **30 days** to file an amended complaint.

An appropriate Order follows.

BY THE COURT:

Dated: March 29, 2024

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States District Judge**